[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
The defendant Cigna moved in a motion for summary judgment that the court consider in the alternative a motion for partial summary judgment. A previous ruling by the trial court, Heiman, J., denying the motion for summary judgment did not address the alternative motion. Reargument was granted as to the motion for partial summary judgment by this court.
On July 20, 1987, plaintiff Carl Dunham, an attorney, served a four-count complaint on defendant Cigna Insurance Company (Cigna), formerly INA Underwriters Insurance Company of Los Angeles, who was plaintiff's professional liability insurer. Plaintiff's complaint sounds in: (1) breach of an implied duty of good faith; (2) breach of an insurance contract; (3) a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stats. 38-60 et seq. (now38a-815 et seq. and (4) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stats. 42-110b. Plaintiff alleges the following facts in his complaint. Defendant provided professional liability insurance to plaintiff from October 7, 1981 through October 7, 1986. Under the terms of the policies, defendant had a duty to defend any suit against the plaintiff arising out of his performance of legal services for others. By an amended complaint effective May 25, 1984, plaintiff was sued for legal malpractice he allegedly committed during the period the relevant policies were in effect. Plaintiff promptly notified defendant of the claim against him. Defendant failed to investigate the claim and refused to defend or indemnify the plaintiff in the malpractice action, in "direct violation of its contractual and good faith obligations to plaintiff."
Defendant Cigna filed an answer along with special defenses on June 23, 1989. Plaintiff replied to the defendant's special defenses on June 23, 1989, thereby closing the pleading.
On June 25, 1989, defendant filed a motion for summary judgment on the ground that no genuine issue of fact exists and that it is entitled to summary judgment as a matter of law. In the alternative, Cigna moved for "partial summary judgment on the issue of damages and [sought] a ruling from the court that plaintiff cannot recover for any losses occurring prior to the time proper notice was given to Cigna, and, further, that the potential damages should be restricted to losses relating to defense of the purported malpractice claim." Defendant filed a memorandum of law and several documents in support of its motion. Plaintiff has filed a memorandum and documents in opposition to defendant's motion.
On October 22, 1990, trial court, Heiman, J., denied the CT Page 3200 defendant's motion for summary judgment on the merits upon concluding that genuine issues of material fact remained. On October 31, 1990, defendant filed a motion to reargue its motion for summary judgment. In its motion to reargue, defendant maintained that the trial court, Heiman, J., did not consider its "alternative" motion for "partial summary judgment," in which the defendant requested a ruling from the court regarding the amount of damages plaintiff could possibly seek from the defendant. Subsequently, Hennessey, J., granted defendant's motion to reargue as to the "alternative" motion for "pretrial summary judgment" only.
In the "alternative," defendant requests a "partial summary judgment" and seeks "a ruling from the court." Conn. Practice Book 384 provides that a motion for summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The above quoted section does not authorize a "partial motion for summary judgment" in order to obtain a ruling from the court. Accordingly, defendant's motion in the "alternative" for "partial summary judgment," is denied.
M. Hennessey, J. CT Page 3201